O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORRAINE J. ESPINOSA, | ) NO. ED CV 06-742-E |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OPINION** |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) **AND ORDER OF REMAND** |
| Defendant. | ) |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on July 20, 2006, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on

August 10, 2006.  Plaintiff filed a motion for summary judgment on December 28, 2006.  Defendant filed a motion for summary judgment on January 17, 2007.  The Court has taken both motions under submission without oral argument.  See L.R. 7-15; "Order," filed July 24, 2006.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserts disability since August 1, 2003, based on, inter alia, alleged mental impairments (Administrative Record ("A.R.") 50-52, 148-61, 235-37, 239-41).  In 2004, Dr. Denise Dittemore, Plaintiff's treating psychiatrist, opined Plaintiff "has depression and paranoia which are marked" (A.R. 156).  In 2003, Dr. Dittemore rated Plaintiff's GAF at 45 (A.R. 161).

An Administrative Law Judge ("ALJ") found Plaintiff has no severe mental impairment (A.R. 13).  The ALJ failed to mention Dr. Dittemore or Dr. Dittemore's opinions (A.R. 11-16).  With regard to Plaintiff's treatment for alleged mental impairments, the ALJ stated only: "[t]he record documents fleeting mental health treatment and does not document any psychiatric hospitalizations" (A.R. 13).  The ALJ denied benefits (A.R. 11-16).  The Appeals Council denied review (A.R. 4-6).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the

1  Commissioner used proper legal standards.  See Swanson v. Secretary,
2  763 F.2d 1061, 1064 (9th Cir. 1985).

**DISCUSSION**

Social Security Ruling ("SSR") 85-28[1] governs the evaluation of whether an alleged impairment is "severe":

> An impairment or combination of impairments is found
> 'not severe' . . . when medical evidence establishes
> only a slight abnormality or a combination of slight
> abnormalities which would have no more than a minimal
> effect on an individual's ability to work . . . i.e.,
> the person's impairment(s) has no more than a minimal
> effect on his or her physical or mental ability(ies)
> to perform basic work activities . . .
>
> Great care should be exercised in applying the not
> severe impairment concept.  If an adjudicator is unable
> to determine clearly the effect of an impairment or
> combination of impairments on the individual's ability
> to do basic work activities, the sequential evaluation
> process should not end with the not severe evaluation
> step.

///

---

[1] Social Security rulings are binding on the Administration.  See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

1    If such a finding [of non-severity] is not clearly
2    established by medical evidence, however, adjudication
3    must continue through the sequential evaluation
4    process.  SSR 85-28 at 22-23.

See also Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (the severity concept is "a de minimis screening device to dispose of groundless claims").

In the present case, the medical evidence does not "clearly establish [ ]" the non-severity of Plaintiff's alleged mental impairments.  A GAF of 45 "is indicative of a disabling level of impairment."  Castaneda v. Apfel, 2001 WL 210175 *3 (D. Or. Jan. 18, 2001).  Moreover, Dr. Dittemore's records suggest more than slight depression and paranoia (A.R. 148-50, 156, 158-61).  Notwithstanding one consultative examiner's conflicting opinion, and the lack of hospitalizations, the medical evidence plainly does not "clearly establish [ ]" the non-severity of Plaintiff's mental problems.  See Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (error to find impairment not severe when medical evidence is "ambiguous").

The respect ordinarily owed to treating physicians' opinions buttresses this conclusion.  Treating physicians' opinions "must be given substantial weight."  Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion . . .  This is especially true when the opinion is that of a treating physician") (citation omitted).  Even where the

treating physician's opinions are contradicted,[2] "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); see Rodriquez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and vague" reasons for rejecting the treating physician's opinions do not suffice).

Section 404.1512(e) of 20 C.F.R. provides that the Administration "will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all of the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) ("If the ALJ thought he needed to know the basis of Dr. Hoeflich's opinions in order to evaluate them, he had a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them. He could also have continued the hearing to augment the record") (citations

---

[2] Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

1  omitted); see also Brown v. Heckler, 713 F.2d 441, 443 (9th Cir.
2  1983) ("the ALJ has a special duty to fully and fairly develop the
3  record and to assure that the claimant's interests are considered").
4
5       In the present case, the ALJ erred by rejecting the treating
6  physician's opinions without stating specific, legitimate reasons for
7  doing so, and without attempting to recontact the physician.  The ALJ
8  erred by failing even to discuss the specifics from Dr. Dittemore's
9  reports, including the GAF rating.  See Salvador v. Sullivan, 917
10 F.2d 13, 15 (9th Cir. 1990) (implicit rejection of treating
11 physician's opinion cannot satisfy Administration's obligation to set
12 forth "specific, legitimate reasons").
13
14      Defendant argues that Dr. Dittemore's opinions do not merit
15 the weight the law accords to treating physicians' opinions because
16 Dr. Dittemore assertedly "had no longitudinal treatment history of
17 Plaintiff" (Defendant's Motion for Summary Judgment, filed
18 January 17, 2007, at 6).  Defendant's argument must be rejected.
19 According to the Ninth Circuit, even a physician who sees a claimant
20 only twice qualifies as a "treating physician."  Ghokassian v.
21 Shalala, 41 F.3d 1300, 1303 (9th Cir. 1994); see also Benton v.
22 Barnhart, 331 F.3d 1030, 1036-39 (9th Cir. 2003) (supervising
23 psychiatrist who saw the claimant only once can qualify as a treating
24 physician).  Dr. Dittemore evidently saw Plaintiff at least four
25 times and prescribed medication for Plaintiff over a period of many
26 months (A.R. 148-50, 156, 158-61).  Dr. Dittemore qualifies as a
27 "treating physician."  See id.
28

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).

The Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) ("Harman") does not compel a reversal rather than a remand of the present case. In Harman, the Ninth Circuit stated that improperly rejected medical opinion evidence should be credited and an immediate award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Harman at 1178 (citations and quotations omitted). Assuming, arguendo, the Harman holding survives the Supreme Court's decision in INS v. Ventura, 537 U.S. 12, 16 (2002),[3] the Harman holding does not direct reversal of the present case. Here, the Administration must recontact the treating physician concerning "outstanding issues that must be resolved before a

---

[3] The Ninth Circuit has continued to apply Harman despite INS v. Ventura. See Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004).

determination of disability can be made." Further, it is not clear from the record that the ALJ would be required to find Plaintiff disabled for the entire claimed period of disability were the opinions of the treating physician credited.

**CONCLUSION**

For all of the foregoing reasons,[4] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 19, 2007.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that Plaintiff's arguments in favor of reversal rather than remand are unpersuasive.

8